UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVE MACATO** | **CASE NO.  2:22-CV-04288** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(B)(6) Filed by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company" (Doc. 20) wherein Defendants move to be dismissed from the instant lawsuit.  Plaintiff has not filed an opposition to the motion and the time for doing so has now elapsed.

### INTRODUCTION

This lawsuit involves alleged damage to Plaintiff's property from Hurricane Laura which made landfall near Lake Charles, Louisiana on August 27, 2020. The McClenny, Mosely & Associates PLLC law firm filed the lawsuit and named three (3) State Farm entities, specifically, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company. State Farm Fire and Casualty Company issued the policy to insure the property.

### RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the

complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company inform the Court that they have not issued a policy of insurance as to the subject property of this lawsuit.[1] These Defendants submit as summary judgment evidence, the policy that does insure the property. The policy clearly states that it was issued by State Farm Fire and Casualty Company. Consequently, Plaintiff lacks both privity and standing to sue State Farm General Insurance Company and State Farm Mutual

---

[1] State Farm also notes that counsel for Plaintiff also incorrectly named Plaintiff as Steve Macato, who true name is Esteve Macato.

Page **2** of **3**

Automobile Insurance Company, but more significantly there is no contract or policy of insurance between Plaintiff and these Defendants.

Accordingly, the Motion to Dismiss should be granted and these two Defendants dismissed.

## **CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss will be granted dismissing State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company.

**THUS DONE AND SIGNED** in Chambers on this 30th day of June, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE